**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MAJID MAJIDI DARYANI,

     Petitioner,

v.

                                       Case No. 1:26-cv-01528-MIS-GJF

MARY DE ANDA-YBARRA, in her official
capacity as El Paso Field Office Director of
the Immigration and Customs Enforcement;
TODD LYONS, in his official capacity as
Acting Director of the Immigration and
Customs Enforcement; TODD BLANCHE,
in his official capacity as Acting Attorney
General of the United States;
MARKWAYNE MULLIN, in his official
capacity as Secretary of the U.S. Department
of Homeland Security; and DORA CASTRO,
in her official capacity as Warden of the Otero
County Processing Center,

     Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS MATTER** is before the Court on Petitioner Majid Majidi Daryani's Petition for Writ

of Habeas Corpus ("Petition"), ECF No. 1, filed May 13, 2026. Respondents Mary De Anda-

Ybarra, Todd M. Lyons, Todd Blanche, and Markwayne Mullin ("Federal Respondents"),[1] filed a

Response on May 27, 2026, ECF No. 6.

Petitioner is a citizen of Iran who entered the country without inspection on February 2,

2026. Pet. at 3, ECF No. 1. After entering the United States, Petitioner was encountered by Border

---

[1]     Respondent Dora Castro did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

Patrol Agents and taken into custody, where he has remained for fifteen months without a bond hearing. Id. at 3, 5. Petitioner is currently appealing his second removal order and his appeal could take "more than a year." Id. at 3. Petitioner appealed his first removal order but was forced to go through another removal and appeal process because the BIA lost his documents. Id. Petitioner concedes he is subject to mandatory detention under 8 U.S.C. § 1225(b), id. at 3-4, but argues his prolonged detention without a bond hearing violates his due process constitutional rights, id. at 4-6.

Respondents (1) acknowledge Petitioner conceded he is subject to § 1225, Resp. at 2, ECF No. 6, (2) argue Petitioner is an applicant for admission subject to mandatory detention under § 1225(b)(2), id., and (3) state their belief that, since "this Court recently reached the opposite conclusion in Duhan v. Noem, Case No. 2:26-cv-00019-MIS-JFR, 2026 U.S. Dist. LEXIS 20895 (D.N.M. Feb. 2, 2026) on facts substantially similar" to this case, "this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision," rendering Petitioner subject to § 1226, id. at 2-3. Respondents do not address Petitioner's argument that he is entitled to a bond hearing due to his prolonged detention. See generally id. Nor do Respondents dispute Petitioner's account that he has been forced to go through a second removal and appeals process due to BIA's incompetence, nor that the second appeal may take more than a year. See generally id.

As Petitioner concedes he is subject to § 1225, the Court assumes, without deciding, Petitioner is subject to § 1225. See Mardanpour v. Warden, No. 2:26-CV-00550-MIS-LF, 2026 WL 963164, at *3 (D.N.M. Apr. 9, 2026). The Court finds that Petitioner's prolonged, fifteen-month detention without a bond hearing and with resolution still a year or more distant, is a violation of his constitutional right to due process. See id. at *8.

2

Under similar circumstances, in which a detainee was apprehended near the border the same day he crossed, did not argue he was subject to 8 U.S.C. § 1226, was held for fourteen months, and was not under a final order of removal, the Court found his prolonged detention violated due process and ordered him released. Mardanpour, 2026 WL 963164, at *1-8. Ultimately, the Court finds that Respondents did not distinguish this case from Mardanpour. Resp. at 1-4, ECF No. 6.  The Court therefore adopts the analysis contained in its Order Granting the Petition for Writ of Habeas Corpus in Mardanpour, 2026 WL 963164.

Briefly, the Court finds that Petitioner's indefinite, ongoing detention (now exceeding fifteen months), with no reasonably foreseeable end in sight, violates Petitioner's substantive due process rights under the Fifth Amendment to the U.S. Constitution and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 6.

The Court retains jurisdiction to ensure compliance with its Order.

Accordingly, it is **HEREBY ORDERED** that:

1.    Petitioner Majid Majidi Daryani's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.    Respondents are **ORDERED** to immediately release Petitioner from detention, subject to reasonable conditions of release, such as electronic monitoring and/or regular check-ins;

3.    Respondents are **ENJOINED** from re-detaining Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal; and

3

4.      The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE